**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:25-CV-00439 |
| | § | |
| 3.819 ACRES OF LAND, MORE OR | § | |
| LESS, SITUATE IN STARR COUNTY, | § | |
| STATE OF TEXAS; AND ROLANDO A. | § | |
| RAMIREZ, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

---

**AMICUS BRIEF REGARDING OWNERSHIP OF SUBJECT PROPERTY**

---

Plaintiff, United States of America ("United States"), submits the following brief regarding title and ownership of Tract RGV-RGC-8009, consisting of 3.819 acres of land, more or less, (hereafter "Subject Property"), in its role as *amicus curiae* and pursuant to Federal Rule of Civil Procedure 71.1. *See* Fed. R. Civ. P. 71.1 advisory committee's notes to 1951 edition, note to Subdivision (1) (noting that ". . . the distribution of the award is a matter in which the United States has no legal interest . . . although the United States attorneys are expected to aid the court in such as matters as amicus curiae."). While the United States takes no formal position regarding title and ownership interests of the Defendants, the United States believes that resolution of title is necessary before just compensation may be determined and awarded by the Court.

**STATEMENT OF FACTS**

1. On September 9, 2025, the United States filed a Declaration of Taking (Dkt. No. 2) and Complaint in Condemnation (Dkt. No. 1) to acquire the Subject Property. The Subject Property is

more particularly described as a tract of land comprised of a 3.819-acre tract (166,377 sq ft) parcel of land, more or less, being out of Nicolas Vela Survey, Abstract No. 179, Porcion 82, out of share 70-B, and being out of a called 9.81-acre tract in Starr County, Texas.

2.    On September 17, 2025, the United States deposited one hundred thirty thousand dollars and 00/100 cents ($130,000.00) into the Registry of the Court as its estimate of just compensation for the Subject Property. (Dkt No. 6)

3.    Prior to filing this brief, the United States located and properly served all interested parties and/or their heirs. (Dkt. Nos. 7, 8, 21, 22, 23, 24, 25, 26, & 27).

4.    A map of the Subject Property created by U.S. Army Corps of Engineers is provided below for the Court's reference:



**ISSUE TO BE DECIDED**

5.    The only issues remaining in this case are the determination of: (1) the identification of the parties entitled to just compensation for the taking of the Subject Property and (2) the amount of just compensation to be paid for the Subject Property.  It is the first of these issues the United States briefs for the Court.

6.       It is well-established that federal courts sitting in condemnation cases are authorized to determine who among competing claimants hold title to land prior to its condemnation. *United States v. 22,680 Acres of Land in Kleberg Cty., Tex.*, 438 F.2d 75, 77 (5th Cir. 1971); *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950). In construing Federal Rule of Civil Procedure 71.1(h) [then Rule 71A(h)], the United States Supreme Court explained:

> The Rule provides that, except for the single issue of just compensation, the trial judge is to decide all issues, legal and factual, that may be presented . . . It is for him to decide 'all issues' other than the precise issue of the amount of compensation to be awarded.

*United States v. Reynolds*, 397 U.S. 14, 19-20 (1970). Federal courts look to the substantive law of the state in which the property is located to determine a party's interest in land. *See United States ex. rel. Tennessee Valley Authority v. Powelson,* 319 U.S. 266, 279 (1943). Where more than one party claims ownership of land, the burden is on the claimant to establish his or her right to the property in question. *See United States v. Lee,* 360 F.2d 449, 452 (5th Cir. 1966). Plaintiff takes no advocacy position regarding title matters in its role as *amicus curiae.  See United States v. Certain Lands in Town of Hempstead*, 129 F.2d 918, 920 (2d Cir. 1942).

### ANALYSIS

7.       Although the United States takes no advocacy position regarding ownership of the Subject Property, it submits the following analysis of the available title evidence in its role as *amicus curiae*:

8.       The United States reviewed the real property, tax, and probate records of Starr County, Texas and identified the following chain-of-title activity involving the parent tract of the Subject Property.

9.       Rosa M. Guerra, Catherine L. Guerra Bartolomucci, James H. Guerra, John F. Guerra, and Elena I. Guerra Davis, who have been included either individually and/or as co-trustees of the

David H. and Rosa M. Guerra Revocable Living Trust, claiming the Guerra family has had full ownership in the Subject Property dating back to 1955.

10.     In addition, Rolando A. Ramirez claims to have acquired an interest in the Subject Property pursuant to a 1999 Deed of Gift, which originates from a state court adverse possession action brought against a third-party local farmer. The Guerra family were not a party to the adverse possession action.

11.     Plaintiff notes that a title examination of the Real Property Records of Starr County, Texas (the "Records") reflects various property identification numbers for the same Share 70-B tract.  It also identifies different individuals as the record owners for Share 70-B:

   a.  Property ID: 12717 identifies David H. Guerra as owner of 26.75 acres out of Abstract 179, Porcion 82, Share 70-B. (Ex. 13)

   b.  Property ID: 83479 identifies Rolando A. Ramirez as owner of 2 acres out of Abstract 179, Porcion 82, Share 70-B, 118-B and 121. (Ex. 14)

   c.  Property ID: 77869 identifies Rolando A. Ramirez as owner of 8.81 acres out of Abstract 179, Porcion 82, Share 70-B, 118-B and 121. (Ex. 15)

12.     Due to conflicting records and claims of full ownership by multiple parties, the United States was ultimately required to file this Declaration of Taking and Complaint in Condemnation.

**FEE TITLE**

13.     On March 22, 1944, a Certified Copy of Final Judgment, issued by the 79th District Court of Starr County, Texas, adjudicated the ownership of Share No. 70-B, containing 26.754 acres to Nicasio Villarreal. (Ex. 1)

**<u>Regarding the interest of Rosa M. Guerra, Catherine L. Guerra Bartolomucci, James H. Guerra, John F. Guerra, and Elena I. Guerra Davis ("the Guerra family")</u>**

14.    In 1944, C. R. Muñoz, on behalf of the District Clerk of Starr County, Texas, issued a Receipt confirming that Nicasio Villarreal owned Share 70-B: 26.754 acres of the Partition of Porcion No. 82. (Ex. 2)

15.    In 1945, Nicasio Villarreal and his wife, Luisa Hernandez, executed a Warranty Deed conveying 1.391 acres of land out of Share 70-B, Porcion 82 to Jose E. Peña and wife Rosa Vela de Peña. (Ex. 3)

16.    In 1950, Nicasio Villarreal and his wife, Luisa Hernandez, executed a Warranty Deed conveying all of Share 70-B, containing 26.754 acres of land, of the Partition of Porcion No. 82 (except for 1.391 acres conveyed by deed on October 1, 1945, to Jose E. Peña and Rosa Vela de Peña) to J. H. Guerra (aka James H. Guerra). (Ex. 4)

17.    In 1955, Jose E. Peña and Rosa V. de Peña, husband and wife, executed a Warranty Deed conveying 1.391 acres of land of Share No. 70-B out of Porcion No. 82, Abstract No. 179 to J. H. Guerra. (Ex. 5)

18.    Accordingly, Nicasio Villarreal's original interest was fully consolidated in J.H. Guerra by 1955.

19.    J. H. Guerra died testate on January 8, 1964, having bequeathed his interest in his community property to his wife, Louise Thompson Guerra. (Ex. 6).

20.    Accordingly, J.H. Guerra's original interest was fully consolidated in Louise Thompson Guerra.

21.    Louise T. Guerra subsequently died testate on September 10, 1983, having bequeathed her interest in the property to her son, David H. Guerra. (Ex. 7).

22. David H. Guerra died testate on August 17, 2025, having been survived by his wife, Rosa M. Guerra, and their four (4) children: Catherine L. Guerra Bartolomucci, James H. Guerra, John F. Guerra, and Elena I. Guerra Davis. (Ex. 8).

23. David H. Guerra bequeathed his full interest in the property to the David H. and Rosa M. Guerra Revocable Living Trust. (Ex. 8).

24. The United States has been in communication with the Guerra family, who have stated that they have not decided whether the Last Will and Testament of David H. Guerra will be probated. Should the Last Will and Testament be probated within four (4) years of David H. Guerra's death, his interest in the Subject Property would pass to the David H. and Rosa M. Guerra Revocable Living Trust. *See* Texas Estates Code, Section 256.001. However, should the Last Will and Testament *not* be probated, David H. Guerra's interest in the Subject Property would pass to all his heirs via intestate succession. *See* Texas Estates Code, Section 256.003.

25. Accordingly, the interest in this property would be held by the David H. and Rosa M. Guerra Revocable Living Trust or Rosa M. Guerra, Catherine L. Guerra Bartolomucci, James H. Guerra, John F. Guerra, and Elena I. Guerra Davis, who have been included either individually and/or as co-trustees of the David H. and Rosa M. Guerra Revocable Living Trust.

## **Regarding the interest of Rolando A. Ramirez**

26. Rolando A. Ramirez claims sole ownership of the Subject Property by virtue of a 1999 Partition Deed as explained below:

27. In 1999, Rene R. Ramirez and Tiburcia G. Ramirez, whose family were farming the land at issue, filed an action for adverse possession against a third-party farmer. The Guerra family was neither a party nor served in the adverse possession action. (Ex. 9)

28.    On July 22, 1999, the 229th Judicial District in the District Court of Starr County, Texas entered a Final Judgment regarding the adverse possession of the tract of land identified as 19.64 acres of land out of Share Nos. 70-B, 114, 115, 119 and 118-B of Porcion No. 82, Starr County, Texas against the third party farmer in favor of Rene R. Ramirez and Tiburcia G. Ramirez. (Ex. 9)

29.    On August 19, 1999, Rene R. Ramirez and his wife, Calixtra T. Ramirez, executed a deed of gift in approximately 19.64 acres, forming part of Share Nos. 70-B, 114, 115, 119, 118-B, Porcion 82, Starr County, Texas to Rolando A. Ramirez. (Ex. 10)

30.    In September 1999, Rolando A. Ramirez and Tiburcia G. Ramirez, partitioned the lands they held in common in 19.64 acres of land in Share Nos. 70-B, 114, 115, 119 and 118-B of Porcion No. 82, Starr County, Texas (Ex. 11):

>    a.    **Tract No. 1:**  Assigned to Tiburcia G. Ramirez: 9.81 acres of land forming part of Share Nos. 70-B, 114, 115 and 119 of Porcion 82 Ancient Jurisdiction of Camargo Mexico now Starr County, Texas. The Subject Property is not encompassed in this tract.
>
>    b.    **Tract No. 2:** Assigned to Rolando A. Ramirez: 9.81 acres of land forming part of Share Nos. 70-B, 114, 115 and 119 of Porcion 82 Ancient Jurisdiction of Camargo Mexico now Starr County, Texas.

31.    The Subject Property falls within Tract No. 2, which was assigned to Rolando A. Ramirez. Accordingly, Rolando A. Ramirez is listed as an interested party in Schedule G.

32.    The United States notes that in 2017, David H. Guerra executed a Natural Gas Pipeline Right of Way and Easement which traverses under part of Share 70-B, which contradicts Rolando Ramirez's claimed interest in the Subject Property (Tract No. 2). (Ex. 12).

## CONCLUSION

Plaintiff would show that its appropriate for the Court to determine title and the ownership interest for the Subject Property.  Based on the foregoing, Plaintiff submits that absent additional contradictory evidence submitted by any Defendant hereto, it would be proper for this Court to determine title and the ownership interest in the Subject Property.

The United States prays this Court enter an order determining ownership of the Subject Property prior to its condemnation.

Respectfully submitted,

**JOHN G.E. MARCK**
Acting United States Attorney
Southern District of Texas

**By**:    *s/ Gabriel Abebe*
**GABRIEL ABEBE**
Assistant United States Attorney
Southern District of Texas No. 3938186
California Bar No. 325376
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 992-9380
Facsimile: (956) 618-8016
E-mail: Gariel.Abebe@usdoj.gov
Attorney in Charge for the United States

## CERTIFICATE OF SERVICE

I, Gabriel Abebe, Assistant United States Attorney for the Southern District of Texas, hereby certify that on March 11, 2026, a copy of the foregoing was served on all parties in accordance with the Federal Rules of Civil Procedure.

*s/ Gabriel Abebe*
**GABRIEL ABEBE**
Assistant United States Attorney